**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Bonney,              )<br>                                            )<br>            Plaintiff,              )<br>                                            )<br>vs.                                      )<br>                                            )<br>BAC Home Loan Servicing, LP et al., )<br>                                            )<br>            Defendant.            )<br>_____) | No. CV-11-2391-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 5). For the reasons stated below, the motion is granted.

**BACKGROUND**

On or about March 8, 2007, Plaintiff William Bonney borrowed $318,000 to purchase a house located at 16131 N. 157th Drive in Surprise, Arizona ("the property"). (Doc. 1-1, Ex. A ¶ 7). Plaintiff executed a Deed of Trust ("DOT") in favor of non-party America's Wholesale Lender, with Defendant Mortgage Electronic Registration System ("MERS") named as beneficiary. (Doc. 1-1, Ex. A). The DOT was assigned to Defendant Bank of New York ("BONY") on June 13, 2011. (Doc. 1-1, Ex. G). On June 29, 2011, Defendant BAC Home Loans Servicing ("BAC") notified Plaintiff that the account was "seriously delinquent." BONY substituted Defendant ReconTrust Company ("Recon") as Trustee on July 26, 2011. (Doc. 1-1, Ex. G). Recon noticed a Trustee's sale on July 26, 2011. (Doc. 1-1, Ex. H). Plaintiff employed the services of a "banking and securitization expert" to audit his

1  documents, and that person informed him that the loan had been securitized and that the DOT
2  had been "split" from the underlying note, and offered his opinion that these actions rendered
3  the deed unenforcable. (Doc. 1-1, Ex. A ¶ 12). Plaintiff filed a complaint in Maricopa County
4  Superior Court on October 26, 2011, seeking expungement of invalid documents, a
5  declaration that Defendants have no right to the property, injunctive relief, punitive damages,
6  equitable relief, attorney's fees, and costs. (Doc. 1-1, Ex. A at 15).

7  Defendants filed a Motion to Dismiss on December 12, 2011. (Doc. 5). In their
8  motion, Defendants note that the trustee's sale took place on November 2, 2011. They argue
9  that because Plaintiff failed to obtain injunctive relief prior to the sale, his claims for
10 injunctive relief are moot and he has waived all other defenses to foreclosure under Arizona's
11 Deed of Trust Statutes. (Doc. 5 at 3–4). Further, they claim that even had Plaintiff not waived
12 his claims, the complaint fails to state a claim adequate to survive a motion to dismiss under
13 Rule 12(b)(6). (Doc. 5 at 5–6).

14 Plaintiff failed to respond to the motion to dismiss, and the Court issued an order on
15 January 10 requiring him to file a responsive memorandum by January 24, 2012. The order
16 noted that failure to comply would be deemed a waiver, and that dismissal may be granted
17 on that basis alone. (Doc. 6). Plaintiff never filed a response.

18 **DISCUSSION**

19 **I.    Legal Standard**

20 To survive dismissal for failure to state a claim under Federal Rule of Civil Procedure
21 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic
22 recitation of the elements of a cause of action"; it must contain factual allegations sufficient
23 to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.
24 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must
25 plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.*
26 *DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S.
27 at 570).

28 Local Rule of Civil Procedure 7.2 provides that an unrepresented party's failure to

- 2 -

1 respond to a motion "may be deemed a consent to the . . . granting of the motion and the
2 Court may dispose of the motion summarily." LRCiv 7.2(i). This Circuit has made clear that
3 "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King*
4 *v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364–65
5 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented
6 by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are
7 subject to the same good faith limitations imposed on lawyers).

8 **II.     Analysis**

9       Plaintiff has failed to file a response to Defendants' motion to dismiss despite being
10 warned in an order that failure would be deemed a waiver and would result in dismissal of
11 this lawsuit. Defendants have attached a Trustee's Deed Upon Sale that indicates that the
12 property was sold at a trustee's sale on November 2, 2012. (Doc. 5-1, Ex. B). The Court may
13 take judicial notice of the deed since it constitutes a "matter[] of public record outside the
14 pleadings." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986),
15 *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino*, 501 U.S. 104
16 (1991). Since Plaintiff has not responded to the motion, he has provided no argument to
17 counter Defendants' claims that 1) the sale renders his efforts to seek injunctive relief moot
18 and 2) he has waived his remaining claims. *See* A.R.S. § 33-811(C). Accordingly,
19 Defendants' motion to dismiss will be granted.

20       **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is
21 **granted**. The Clerk of Court shall **terminate this action**.

22       DATED this 17th day of April, 2012.

23
24           */s/ A. Murray Snow*
          G. Murray Snow
25           United States District Judge
26
27
28